ALLEN, Judge.
The appellant has timely filed an appeal from a final judgment of conviction and sentence rendered by the court below. The appellant seeks to have reviewed the action of the trial court in entering an order denying appellant’s motion to withdraw a plea of guilty and to enter a plea of not guilty and also for reconsideration of sentence. Ard v. State, Fla. 1959, 108 So.2d 42.
The facts of this case are that appellant was arrested on November 11, 1966, on the charge of rape. Appellant was formally indicted by the grand jury of Pinellas County for rape. He was arraigned on February 9, 1967, and entered a plea of not guilty and not guilty by reason of insanity. On April 13, 1967, this indictment was nolle prosequi and another charge was made against appellant. This charge was for handling and fondling a female child under the age of fourteen years. The appellant plead guilty to this charge.
On May 25, 1967, the appellant was formally adjudged guilty and given a maximum sentence of ten years. At this formal sentencing the appellant orally asked the court to allow him to withdraw his plea of guilty and proceed to trial on the original charge of rape.
Up until this point in the proceedings appellant was represented by the Public De *123 fender’s office in Pinellas County. After the hearing of May 25, 1967, present counsel of record was retained by the family of appellant. On May 31, 1967, a petition for reconsideration of sentence was filed. After an investigation by counsel for appellant, a verified motion to withdraw plea of guilty and to enter plea of not guilty was filed on August 16, 1967. On September 1, 1967, a hearing was held on all pending motions, and'the lower court denied both the motion to change the plea and the petition for reconsideration of the sentence.
At the hearing a sworn affidavit was introduced into the record signed by Mrs. Rose O’Keefe and dated August 22, 1967. Mrs. O’Keefe is the mother of the alleged victim of the crime with which appellant is charged. Appellant, Mrs. O’Keefe and the victim had been living together as a family for sometime even though appellant and Mrs. O’Keefe were not married.
The substance of the sworn affidavit stated that Mrs. O’Keefe had procured her daughter, the alleged victim, to tell the various policemen and officials in Pinellas County that appellant forcibly raped the said daughter. The affidavit also in essence states that statements made by the affiant, Mrs. O’Keefe, and her daughter were not true.
Another affidavit was presented showing that Mrs. O’Keefe had independently consulted an attorney of her choice before presenting this affidavit to appellant’s counsel. These affidavits were presented only a few days prior to the hearing on the pending motions.
Additional evidence presented at the hearing tends to support the position of appellant on this appeal.
The record on appeal and the petition of appellant indicates ignorance, fear, and misapprehension on appellant’s part in entering the plea of guilty. The appellant alleges that he was improperly advised by third parties in entering the plea of guilty. The appellant alleges that he was persuaded by the mother, Mrs. Rose O’Keefe, to enter the plea of guilty. Appellant also contends that he pleaded guilty to protect the alleged victim from having to go through the emotional experience of the trial. Appellant also contends that he is ignorant of his actual guilt, having been under the influence of alcohol and barbiturates on the night of the alleged crime.
Section 909.13, Fla.Stats., F.S.A., states:
“The court may in its discretion at any time before sentence permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such judgment, and allow a plea of not guilty * * * to be substituted for the plea of guilty.”
The guidelines that have been set down to determine when it is proper to allow a plea of guilty to be withdrawn and a plea of not guilty to be entered are found in Pope v. State, 1908, 56 Fla. 81, 47 So. 487.
“In a criminal prosecution a defendant has a right to plead guilty; and the effect of such a plea is to authorize the imposition of the sentence prescribed by law upon a verdict of guilty of the crime sufficiently charged in the indictment or information. The plea should be entirely voluntary by one competent to know the consequences, and should not be induced by fear, misapprehension, persuasion, promises, inadvertence, or ignorance. * * A defendant should be permitted to withdraw a plea of guilty given unadvisedly when application therefor is duly made in good faith and sustained by proofs, and proper offer is made to go to trial on a plea of not guilty.
“The law favors trials on the merits; and, if the discretion of the trial court is abused in denying leave to withdraw a plea of guilty and to go to trial on the merits, the appellate court may interfere.
While it is shown that a defendant should be allowed to withdraw a plea of guilty, the reason for doing so must be fairly evident. We find in later cases, *124 some before this court, that the rule laid down in the Pope case, supra, has been expanded. It has been expanded to include situations where a plea of guilty was entered through fraud or even inadvisedly. Jordan v. State, Fla.App. 1958, 107 So.2d 56. It also includes situations where the decision allowing the withdrawal of a plea of guilty should be governed by the particular facts of the case in question. Hill v. State, Fla.App.1959, 110 So.2d 464.
In Hill v. State, supra, the late Judge Kanner, then Chief Judge of this court, stated:
“The Supreme Court, in a long line of cases from which the court has never swerved, has pointed out that the prevalent doctrine in Florida is ‘that a plea of guilty when entered should be entirely voluntary by one competent to know the consequences of such a plea and the entering of a plea of guilty should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance.’ Artigas v. State, 1939, 140 Fla. 671, 192 So. 795, 796. See also Pope v. State, 1908, 56 Fla. 81, 47 So. 487; Sinclair v. State, 1938, 133 Fla. 77, 182 So. 637; La Barbera v. State, Fla. 1953, 63 So.2d 654; Asbey v. State, Fla.App.1958, 102 So.2d 407; and 9 Fla.Jur., Criminal Law, section 160, pp. 186-190. The law inclines definitely to trial on the merits; the decision in each case must depend on the particular attending facts; and a withdrawal of a plea of guilty shall not be refused where it is in the least evident that the ends of justice will be sub-served by allowing a plea of not guilty to be entered in the place of a guilty plea. Eckles v. State, 1938, 132 Fla. 526, 180 So. 764.”
In the instant case we have a situation where the mother of the prosecuting witness filed an affidavit that she had procured her daughter, the alleged victim, to tell the various officials in Pinellas County that the appellant forcibly raped her daughter and that the statements she and her daughter made were not true.
We have carefully considered the facts of the case at bar and conclude that the ends of justice would best be served by granting the defendant his day in court. Viewing the record as a whole, we can see areas of possible conflict which can only be resolved by a full presentation of the evidence in a jury trial. It is not required of the appellant to present his whole case on the merits for the purposes of the motion from which this appeal ensues. Hill v. State, supra.
We are again affirming the proposition that the law inclines definitely to trial on the merits and that the ends of justice will be subserved by allowing a plea of not guilty to be entered in the place of a guilty plea. A proposition so deeply embedded in our rules of practice that it needs no citation of authorities for support.
Looking at the record completely based on the facts and evidence, we conclude that it has been demonstrated that the lower court did abuse its discretion in not granting appellant’s motion to withdraw a plea of guilty and substitute a plea of not guilty.
For the above reasons and conclusions, we reverse the decision of the lower court denying appellant’s motion to withdraw a plea of guilty. We remand this case to the lower court with directions to grant the appellant’s motion to withdraw his plea of guilty, enter a plea of not guilty, and proceed to trial on the merits of the case.
Reversed and remanded.
LILES, C. J., concurs.
HOBSON, J., dissents.