COBB, Judge.
Hollingsworth was convicted of possession of a controlled substance in violation of section 893.13(l)(e), Florida Statutes. The trial court sentenced him to a split sentence of two-and-one-half years imprisonment to be followed by two-and-one-half years of probation. Hollingsworth filed a motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, in which he attacked the split sentence as illegal. The trial court denied the motion, and Hollingsworth is appealing that denial.
Split sentencing is authorized by statute in Florida.[1] § 948.01(4), Florida Statutes (1979); State v. Holmes, 360 So.2d 380 (Fla. 1978); Wilcher v. State, 388 So.2d 320 (Fla. 5th DCA 1980); Hicks v. State, 362 So.2d 173 (Fla. 1st DCA 1978).
AFFIRMED.
SHARP and COWART, JJ., concur.

. This case concerns a true ‘‘split sentence” pursuant to § 948.01(4), Florida Statutes, and is, therefore, distinguishable from the situation discussed in Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla.1980): the technique of long-term incarceration as a condition of probation based on language in State v. Jones, 327 So.2d 18 (Fla.1976), from which Villery recedes.