ORFINGER, Judge.
Appellant’s contention that he could not be sentenced separately for one count *476 of shooting into an occupied vehicle and two counts of aggravated battery all arising out of the same incident lacks merit. The battery counts involved different persons, and one need not commit an aggravated battery in order to commit the offense of shooting into an occupied vehicle. See Barlow v. State, 255 So.2d 559 (Fla. 1st DCA 1971). Neither is the aggravated battery included in the offense of shooting into the vehicle such as would make it a Brown[1] category (4) lesser included offense.
Appellant’s contention that he could not be given a split sentence pursuant to section 948.01(4), Florida Statutes, is likewise unavailing. This court has held that Villery v. Florida Parole and Probation Commission, 396 So.2d 1107, No. 57,935 (Fla. 1980) [1980 F.L.W. 554], was not intended to apply to split sentences. Hollingsworth v. State, 394 So.2d 580 (Fla. 5th DCA 1981).
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. Brown v. State, 206 So.2d 377 (Fla.1968).