415 So.2d 98 (1982)
Wayne Clark FERGUSON, Petitioner,
v.
The Honorable Barry J. STONE, As Circuit Judge of the Seventeenth Judicial Circuit, Respondent.
No. 81-2198.
District Court of Appeal of Florida, Fourth District.
June 9, 1982.
Alan H. Schreiber, Public Defender, and T. Don Tenbrook, Asst. Public Defender, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for respondent.
GLICKSTEIN, Judge.
Petitioner, defendant in a criminal case before respondent, tendered a plea of nolo contendere to a charge of sexual battery. Based upon newly discovered evidence, he later filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(f), which the trial court denied. He now petitions this court for a writ of certiorari, seeking review of the order denying his motion. We conclude the petition should be denied.
Petitioner was charged by information with the sexual battery of his twelve-year-old nephew. He originally pleaded not guilty. Although he continued to maintain his innocence, on May 5, 1981, he entered a negotiated plea of nolo contendere. At the *99 change of plea hearing, defense counsel, citing specifically to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), refused to admit petitioner's guilt. He maintained petitioner changed his plea solely because he believed it was in his best interests. Counsel acknowledged, however, that if the jury believed the victim's testimony, such would be sufficient to convict petitioner of the charge. Thus, the testimony constituted a legally sufficient basis to support the plea. In exchange for his plea, the court withheld adjudication and placed petitioner on probation for five years.[1] It also required him to undergo any psychological or psychiatric evaluation ordered by his probation officer and any treatment or programs recommended and supported by the evaluation and to avoid communication with his sister, the victim's mother, or the victim, his nephew.
In September of 1981, petitioner filed his motion for leave to withdraw his plea on the ground that the victim had recanted his story. In October the trial judge, who had conducted a pre-trial bond revocation hearing and had accepted the plea, held a hearing on the motion. The attorneys at the hearing were the same ones involved in the change of plea. A case worker from the Department of Health and Rehabilitative Services also attended the proceeding. Counsel stipulated the case worker would testify that since the entry of the plea the victim had been placed in a foster home and dependency proceedings were pending[2] to remove him from the custody of his mother because of child abuse.[3]
The victim, now thirteen, testified that his original accusation was untrue and was the result of a beating given him by the man then living with his mother, Willie Slappy, who forced him to lie to his mother and to the police. On cross-examination by the assistant state attorney, however, the victim admitted that when he went to the prosecuting attorney's office to recant his accusation, he had lied by saying it was his mother, not Slappy, who had beaten him, and that his mother was crazy.[4] Although the victim immediately thereafter maintained his recantation to the prosecutor was the truth, at one point during cross-examination he stated:
Q. In other words, everything you told me in the office was a total and complete lie; is that right?
A. Right.
Slappy also testified at the hearing. He described petitioner as a friend, having no disagreements with him. While living with the victim and his mother, he explained, the victim had complained of his mother's beatings.[5] He denied having anything to do with the victim and his mother going to the police to report petitioner's acts. Nor did he tell them what to tell the police.
Bearing in mind that we are being asked to grant a writ of certiorari, petitioner has the burden of establishing a departure from the essential requirements of law. State v. Braverman, 348 So.2d 1183 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 128 (Fla. 1978). Focusing more carefully on the issue, we must decide whether the trial judge abused his discretion in denying petitioner's motion for leave to withdraw his plea of no *100 contest based on the recanting testimony of a key state witness.[6]Id. On the facts recounted above, we think he ruled properly.
We distinguish this case from Riddle v. State, 212 So.2d 122 (Fla. 2d DCA 1968), wherein the Second District Court of Appeal, in a split decision, reversed the trial court's denial of the appellant's motion to withdraw his plea of guilty. In Riddle the victim's mother signed an affidavit stating she had procured her daughter to tell the police appellant had raped her. Additional evidence at the hearing tended to support appellant's position.[7] In the present case, however, the trial court specifically recited at the end of the hearing that not only did he find the victim's recantation incredible but also that his testimony was contradicted by that of another witness.
Accordingly, we deny the petition.
BERANEK and HURLEY, JJ., concur.
NOTES
[1] Because petitioner is not "a prisoner in custody under sentence," as Florida Rule of Criminal Procedure 3.850 requires, he is unable to seek post-conviction relief. See Bellcase v. State, 406 So.2d 116 (Fla. 5th DCA 1981) (probationer lacks standing under rule 3.850). Therefore, petitioner's remedy is to seek a writ of certiorari.
[2] The victim's guardian ad litem in the proceedings was present.
[3] The alleged child abuse apparently included beatings with an electrical cord and forced feeding of narcotics into the child's system.
[4] The victim explained he had lied because Slappy was with him in the prosecutor's office. The record is unclear concerning whether he told the prosecutor his mother killed people.
[5] Slappy conceded he had beaten the victim "last year." The Information which this court had forwarded to it gave January 23, 1981, as the date the alleged offense was committed. That was also the year in which petitioner changed his plea and the court conducted the hearing on his motion to withdraw the plea.
[6] The abuse of discretion standard is also applied when reviewing the propriety of a trial court's denial of a motion for a new trial based on recantation of testimony by a prosecuting witness in a sex crime. Mollica v. State, 374 So.2d 1022 (Fla. 2d DCA 1979), cert. denied, 386 So.2d 639 (Fla. 1980). See Annot., 51 A.L.R.3d 907 (1973).
[7] There was another important element involved in Riddle, namely, the record indicated ignorance, fear, and misapprehension on appellant's part in pleading guilty. We have none of that  petitioner's plea was knowingly, intelligently and voluntarily made.