419 So.2d 1118 (1982)
STATE of Florida, Appellant,
v.
Francis FARRUGIA and Gregory S. Sullivan, Appellees.
No. AD-266.
District Court of Appeal of Florida, First District.
August 31, 1982.
Rehearing Denied October 20, 1982.
*1119 Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellant.
Fred Haddad of Sandstrom & Haddad, Fort Lauderdale, for appellees.
BOOTH, Judge.
This cause is before us on appeal by the State from an order of the trial judge granting appellees' motions under Rule 3.190(c)(4), Florida Rules of Criminal Procedure. The trial court dismissed the information charging appellees with trafficking in cannabis contrary to Section 893.135, Florida Statutes.[1] The information charges that appellees did "knowingly and unlawfully have in their actual or constructive possession in excess of 100 pounds but less than 2,000 pounds of cannabis." Approximately 1,700 pounds of cannabis were found in the cargo area of the vehicle, a pickup truck with camper shell, which bypassed an agricultural inspection station without stopping. At the time the vehicle was stopped, it was being operated by appellee Farrugia with appellee Sullivan as passenger.
Appellees filed motions to dismiss stating that neither appellee had means of access to the cargo area of the vehicle, which had to be forcibly entered by law enforcement officials; that there was nothing in the cargo area to impart knowledge on the part of defendant Sullivan of the presence of the contraband; that no personal items attributable to defendant Farrugia were found in the cargo area; that defendants were paid a certain sum to drive the vehicle but were unaware of its contents; and that the vehicle was not owned by either appellee. It is conceded that both appellees alternately drove the vehicle on a trip which originated in the state of Michigan and terminated with the arrest of appellees in Hamilton County, Florida. Photographs *1120 of the vehicle in the record show that the cab area, though separated from the camper, had an operable window in the rear forming a "pass through" to the front of the camper. Photographs further reveal that opaque curtains had been placed on all windows of the camper shell and were drawn. Nevertheless, the odor of marijuana was detected at the inspection station, and a search warrant was issued. Personal clothing and effects of both defendants were found in the front-seat area.
The foregoing facts are sufficient to establish a prima facie showing of possession on the part of both appellees and to defeat motions under Rule 3.190(c)(4).
Appellees' joint operation of the vehicle gave them possession and control. The question of knowledge of the nature of the cargo is an ultimate fact question, not subject to motion to dismiss under Rule 3.190(c), as held by this court in Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 635 (Fla.App. 1980). See, also, State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981).
Appellees would have us divide and consider separately control of the operation of the vehicle transporting the contraband from control and possession of the contraband being transported. We find this distinction contrary to logic and reason as presented as a basis for motions to dismiss under Rule 3.190(c)(4). Lack of access to, or visibility of, the contents of the vehicle may have a bearing on the issue of knowledge and/or intent but does not preclude possession as a matter of law.
We reject appellees' contention that they may transport illegal drugs on the highway of this state with impunity so long as they do not have in their immediate possession keys to the locked cargo area containing the contraband, and have stored no personal effects in the cargo area. That contention makes a mockery of the drug laws of this state and effectively insulates those in the business of trafficking in illegal drugs from being brought to trial. It is not the purpose of Rule 3.190(c)(4) to preclude prosecution and consideration by the jury of factual inferences bearing on the ultimate guilt or innocence of the accused. It is for the jury to determine whether, in the instant case, appellees are innocent conveyors of contraband who were unaware of its presence in the vehicle they were hired to operate.
Accordingly, the judgment below is reversed and the cause remanded for further proceedings consistent herewith.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] In Shad v. State, 394 So.2d 1114 (Fla. 1st DCA 1981), the defendant was a mere passenger, and this court found that, even assuming knowledge on his part of the presence of contraband in the camper top of the vehicle, the State failed to prove that he had the ability to maintain control over the contraband or reduce it to his possession. The case sub judice is distinguishable because it involves a Rule 3.190(c)(4) motion to dismiss and because the allegations show that both defendants exercised joint control of the truck.