423 So.2d 446 (1982)
Ronald Charles MISHMASH, Alan Richard Cahen, and David Byron Waldorf, Appellants,
v.
STATE of Florida, Appellee.
No. AH-9.
District Court of Appeal of Florida, First District.
December 1, 1982.
Rehearing Denied January 5, 1983.
*447 C. Rabon Martin, Tulsa, Okl. and Carlton P. Maddox of Dawson, Galant, Maddox, Sulik & Nichols, P.A., Jacksonville, for appellants.
Jim Smith, Atty. Gen. and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
On March 9, 1981, at about 2:30 A.M., Lieutenant Lee and another Florida Marine Patrol officer passed three vehicles, an automobile and two pickup trucks with camper shells. No violation of law was observed, but Lt. Lee's suspicions were aroused because the trucks appeared to be heavily loaded, were traveling in close proximity, and the hour was late. The lieutenant radioed Sergeant Adams of the Marine Patrol and ordered the pickups stopped. The arresting officers testified that upon approaching the vehicles they detected the smell of marijuana and could see burlap-wrapped bales inside the trucks. A search revealed what later was determined to be marijuana wrapped in plastic surrounded by burlap. The drivers of the two trucks, Waldorf and Mishmash, and passenger Cahen were all convicted by jury of possession of more than one hundred pounds of marijuana.
Defense counsel moved for a directed verdict of acquittal as to appellant Cahen, asserting that the evidence was insufficient to present a jury issue on the question of Cahen's knowledge of the presence of the drug, one of the elements which the state was required to prove beyond a reasonable doubt. The trial court denied the motion. On this point we reverse. The circumstantial evidence against Cahen is insufficient to support a guilty verdict. The most damaging evidence against Cahen was Officer Maxwell's testimony that, upon approaching the truck in which Cahen was a passenger, he could see burlap-wrapped bales inside the truck and could smell marijuana. The State introduced no evidence that Cahen was present when the truck was loaded or that he drove or exercised any possessory right over the vehicle.
"`[W]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.'" Jaramillo v. State, 417 So.2d 257 (Fla. 1982) (quoting McArthur v. State, 351 So.2d 972, 976 n. 12 (Fla. 1977)). The mere presence of the odor of marijuana is not sufficient evidence of knowledge. Metzger v. State, 395 So.2d 1259 (Fla. 3d DCA 1981). The only additional evidence of guilt was the fact that burlap-covered bales were observed inside the trucks by the officers. The marijuana itself was covered, so that for Cahen to know by sense of sight the nature of the substance baled he would have to know that marijuana is usually wrapped in such covering. No evidence was offered by the State tending to prove that Cahen possessed such knowledge.
Law enforcement officials trained in the detection of contraband have no difficulty recognizing both the smell and packaging of marijuana. However, there remain even today members of the general public who have never smelled or seen packaged marijuana. We decline to indulge the presumption that Cahen saw the wrapped bales and should have recognized them as packaged marijuana.
We do not quantify the precise amount of additional state's evidence which would be enough to allow a jury to consider the circumstantial evidence that was before the court as to Cahen. Certainly there must be some showing that the defendant in all *448 likelihood saw the bales and had experience which would enable him to recognize marijuana. No such showing was made here; the evidence before the trial court did not exclude a reasonable hypothesis of innocence.
We find no merit in the other issues raised and affirm the convictions of appellants Waldorf and Mishmash.
REVERSED and REMANDED as to appellant Cahen, with directions to discharge Cahen.
LARRY G. SMITH, SHAW and JOANOS, JJ., concur.