WENTWORTH, Judge.
The state appeals from orders of the trial court dismissing charges of possession of marijuana filed against appellants Radford and White and suppressing certain items of evidence sought to be introduced against McCrery.
From our study of the briefs and record, we find that the undisputed facts are susceptible of the construction placed upon them by the trial court, as evidenced by the orders being appealed. We therefore affirm.
The state stipulated that the marijuana could not be seen or smelled. Rent was in fact paid by McCrery, and no evidence was presented that Radford had knowledge of the drug’s presence or that her personal possessions were in use in the rooms from which confiscations were made. The decisions relied on by appellant either do not present the pertinent question of constructive possession or involved evidence other than mere accessibility which raised an inference of knowledge. Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979). This case involves a house where differing quantities of marijuana were found in separate rooms, and there is no basis for inference of knowledge other than accessibility. See also Mishmash v. State, 423 So.2d 446 (Fla. 1st DCA 1982).
Appellant and appellees agree on the standard for the admission of evidence obtained outside the scope of the search warrant. However, because we are not able in this case to find that a radio scanning device and pistol (with earplugs) found in the same house with contraband are per se relevant evidence, we conclude the trial court could properly suppress those items. There is no evidence as to the location of the gun and scanner. We do not consider appellant’s argument that McCrery abandoned his privacy interest because it was not made to the trial court.
Affirmed.
JOANOS, J., concurs.
SHIVERS, J., dissents with opinion.