LEHAN, Judge.
Appellant appeals an order revoking his probation and sentencing him to three consecutive five-year sentences. Finding that one of the charged probation violations was not established by sufficient evidence, we reverse in part and affirm in part.
During appellant’s probationary period, an affidavit and warrant were filed charging him with having violated his probation by (a) igniting a fire in his girl friend’s apartment and subsequently being arrested for arson (a violation of condition (5) requiring appellant to remain at liberty without violating any law); and (b) driving an automobile for other than working purposes (a violation of special condition (18) prohibiting appellant from driving any vehicle except for working purposes).
As to the charge for violating condition (5), we reverse. The evidence at the revocation hearing established that on several occasions the day of, and preceding, the fire, two police officers had been summoned to the apartment because of domestic disturbances between the appellant and his girl friend. On the second occasion, before taking appellant’s girl friend with them, one of the officers ordered appellant to get his car and belongings and leave the premises. Appellant testified that he did not ignite the fire but only extinguished it after he noticed smoke in the apartment as he was removing his belongings as ordered. A fire investigator stated that he could not determine the cause of the fire. There was testimony that both the appellant and his girl friend were cigarette smokers.
The state not only failed to show the cause of the fire but also failed to connect appellant with the inception of the fire. The possibility that the fire could have been started accidently by any of the persons present during the previous domestic disturbances was not eliminated. Thus, only a suspicion that the appellant might have intentionally started the fire was created. Mere suspicion that the appellant was involved in a criminal activity does not suffice where the revocation is predicated upon the commission of a crime. Miller v. State, 420 So.2d 681 (Fla. 2d DCA 1982).
Therefore, the trial court could neither properly find that appellant violated condition (5) nor base the revocation of appellant’s probation on such a finding. See McKeever v. State, 359 So.2d 905 (Fla. 2d DCA 1978).
As to the allegation charging appellant with the violation of condition (18), we affirm. Appellant admitted driving the car and being cognizant of the probation condition prohibiting him from doing so. He argues that the violation of probation was not willful and substantial; we disagree.
It is true that before probation can be revoked for failure to comply with the probation condition, the probationer must in some way be responsible for the failure. Davidson v. State, 419 So.2d 728 (Fla. 2d DCA 1982). However, we cannot say the trial court was incorrect in finding that appellant was responsible for his act of *1064 driving the car. Although apparently the officer directed the appellant to leave the premises with his car and belongings, there was no evidence that appellant advised the officer that he was prohibited by a special condition of his probation from driving; we will not assume that had appellant so advised the officer, the direction from the officer would have remained in effect. Also, appellant had previously complied with the condition, despite the officer's involvement, by asking his girl friend to bring the automobile to the apartment so he could take his belongings, There was no showing that when appellant drove the car one block to the parking lot he was unable to get someone else to do it for him.
The seriousness of the offense was stressed by the trial court in noting the background for special condition (18): appellant had previously caused a death while driving and had had numerous traffic citations.
On appeal from a probation revocation, the issue is whether the trial court abused its discretion. Bernhardt v. State, 288 So.2d 490 (Fla.1974). “Probation is a privilege or license granted to one convicted of criminal activity. Revocation of that status because of a violation of conditions imposed in lieu of incarceration ... should not be circumscribed by ... strict procedural requirements.... ” Morning v. State, 416 So.2d 844, 845 (Fla. 4th DCA 1982).
Accordingly, we reverse the order revoking the probation for the violation of condition (5). We affirm the order for violation of condition (18). We do not know whether the sentence would have been the same for a violation of only condition (18). Therefore, we remand for the trial court to reconsider the sentence imposed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HOBSON, A.C.J., and CAMPBELL, J., concur.