548 So.2d 737 (1989)
Kenneth JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1893.
District Court of Appeal of Florida, Fourth District.
August 23, 1989.
Rehearing Denied October 3, 1989.
*738 Sheldon R. Schwartz of Entin, Schwartz, Margules & Schwartz, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Joni B. Braunstein, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Kenneth Jordan, the defendant/appellant, appeals his convictions for trafficking in cocaine and possession of marijuana. There was evidence that Jordan's girlfriend had obtained a rental car through her aunt. Jordan borrowed the car and while driving on the turnpike was stopped by a state trooper for a traffic violation. Jordan's friend, Terrence Rolle, was a passenger in the car. At the trooper's request Jordan removed the rental agreement from the glove box. The trooper became suspicious because Jordan's license was in a different name than that of person named in the rental agreement. The trooper noticed the smell of marijuana on Jordan's person and asked him if he had been smoking marijuana. The trooper testified that Jordan said, "yes"; Jordan testified that he denied smoking marijuana. The trooper asked if he could "look into" Jordan's car and Jordan consented. Inside the glove box an officer discovered a plastic bag with a small amount of marijuana and a small amount of cocaine. Jordan and Rolle were arrested. The state troopers subsequently conducted an inventory search of the entire vehicle and in the trunk found a brown purse with three large packages of cocaine inside. Jordan was charged with trafficking in cocaine and possession of cannabis. Jordan filed a motion to suppress and a motion for judgment of acquittal. Both were denied. This appeal follows. We affirm.
Although the appellant raises several issues we find only one issue merits discussion. Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance. To establish constructive possession, the state must show *739 that the accused had dominion and control over the contraband, knew the contraband was within his presence, and knew of the illicit nature of the contraband. If the premises where contraband is found is in joint, rather than exclusive possession of a defendant, however, knowledge of the contraband's presence and the ability to control it will not be inferred from the ownership but must be established by independent proof. Brown v. State, 428 So.2d 250 (Fla. 1983); Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987); Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976).
As to the drugs found in the glove box, because of the presence of the passenger in the car the glove box was within the joint possession of both Jordan and Rolle. Therefore the state had to establish that Jordan had knowledge and control of those drugs. The record shows that there was evidence to establish that Jordan knew of the presence of the drugs in the glove box because Jordan opened that compartment to get the rental agreement and must have seen the drugs. Further, the evidence of the smell of marijuana on Jordan's person and the evidence that Jordan admitted he had been smoking marijuana was sufficient to raise a jury question on the issue of whether Jordan had control and knowledge of the marijuana. Thus, the motion for acquittal was properly denied as to the marijuana in the glove compartment.
As to the cocaine in the trunk of the car, there is nothing in the record to indicate that Rolle, the passenger, had access to the trunk since Jordan had the keys in his possession. Further, the evidence showed that both the aunt and Jordan's girlfriend denied that they had ever opened the trunk. Since Jordan had exclusive possession of the trunk the rules governing joint possession are not applicable. In Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981) the court explained that if the premises, area, structure or vehicle in which a contraband substance is found is within the exclusive possession of the accused, the accused's guilty knowledge of the presence of the contraband, together with his ability to maintain control over it, may be inferred. Here guilty knowledge could be inferred. The fact that the girlfriend and aunt had possession of the keys at one time would not mean that Jordan did not have exclusive possession of the trunk because both the girlfriend and aunt testified that they never opened the trunk. At the very least the question of whether Jordan had exclusive possession of the trunk was for the jury to resolve, as were the issues of control and knowledge.
One other case is instructive. In Rita v. State, 470 So.2d 80 (Fla. 1st DCA 1985) the defendant was stopped while driving a refrigerated truck which contained bales of marijuana in the padlocked rear cargo compartment. Rita had no key that would unlock the rear compartment and there were no windows or other openings between the cab and cargo compartment that would permit access to or physical observation of the materials inside. Rita claimed not to own the car. He testified that he was a mechanic and had received a call and was told that a truck located at a bar was in need of repair. He was allegedly told to drive the truck to Miami. The appellate court held that the evidence was insufficient to establish constructive possession because Rita had no control over the contents of the cargo compartment. The court distinguished State v. Farrugia, 419 So.2d 1118 (Fla. 1st DCA 1982), a case with similar facts, on the basis that in that case there was a window which gave access to the cargo area.
The instant case is distinguishable from Rita because here a jury could conclude that the defendant had exclusive control of the cocaine in the trunk and guilty knowledge. Thus, the trial court did not err in denying the motion for judgment of acquittal on the count for trafficking in cocaine.
AFFIRMED.
DOWNEY, WALDEN and GUNTHER, JJ., concur.