DAUKSCH, Judge,
concurring specially.
I concur because I am bound by the Thomas v. State, 583 So.2d 336 (Fla. 5th DCA 1991) decision. However, I am moved to say that a reading of the transcript clearly shows this appellant was arrested and jailed for riding his bell-less bicycle merely in order to permit a search incident to arrest. Had appellant been given a summons (“ticket”) no search would have been lawful. Thus it appears appellant’s arrest was pretextual. That is, the arrest was made for a most trivial municipal ordinance violation in order to see if anything incriminating could be found. Pretextual searches cannot be allowed and had this been raised and established below and on appeal our decision might be different. State v. McCrery, 429 So.2d 394 (Fla. 1st DCA), rev. den., 438 So.2d 834 (Fla.1983); Thomas v. State, 424 So.2d 193 (Fla. 5th DCA 1983); Alvarez v. State, 403 So.2d 1005 (Fla. 3d DCA 1981).