PER CURIAM.
Appellant was charged, along with a code-fendant, with two counts of burglarizing automobiles, one count of attempting to burglarize a third automobile, and one count of possessing a screwdriver for use in the burglaries. The codefendant was convicted of the burglaries and possession, plus attempted trespass on the attempt count. In contrast, appellant was exonerated of all charges except the possession count. We reverse his conviction as to that count and remand with direction that he be discharged.
At the conclusion of the state’s case, appellant moved for a judgment of acquittal on all counts. As to the possession of burglary tools count, he argued the evidence was insufficient to support that charge because there was no testimony that he ever had either possession or control over the screwdriver, which itself was not introduced into evidence. The state responded that the evidence showed the screwdriver was in the vehicle appellant was in, and every time the codefendant would get out of the car with the screwdriver, appellant would get out and act as a lookout. The trial court deferred ruling on the possession of burglary tools count, and the jury found appellant guilty. Appellant’s post-trial motions were denied.
In order to prove constructive possession, the state had to show appellant knew of the existence of the screwdriver and had the ability to maintain control over it. See Spataro v. State, 179 So.2d 873, 877 (Fla. 2d DCA 1965); see also Jordan v. State, 548 So.2d 737, 738-39 (Fla. 4th DCA 1989). This it failed to do. Missing from the evidence in this case is any testimony to show the screwdriver was ever in a position for appellant to exercise any dominion or control over it. The codefendant had the screwdriver in his possession; and appellant walked down the road to serve as a lookout while the code *309 fendant used the screwdriver to break into two ears.
There is no evidence disclosing the location of the screwdriver when both men were in their vehicle, or at anytime the code-fendant was not using it to break into the ears. For all we know, the codefendant kept the screwdriver in his pocket the entire time. To be sure, appellant did tell the codefendant to “hurry up” at one location, which is sufficient, when joined with the remaining evidence, to create an inference that appellant had knowledge of the screwdriver. However, knowledge alone is not enough.
GLICKSTEIN and FARMER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.