420 So.2d 631 (1982)
James R. MILLER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 82-8 to 82-14.
District Court of Appeal of Florida, Second District.
September 17, 1982.
Rehearing Denied October 17, 1982.
*632 Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
This is an appeal from the revocation of seven orders of probation which resulted in sentences consecutively totalling one hundred fourteen years of imprisonment.
Appellant was charged with violating his probation by committing the offense of attempted burglary. The evidence at the revocation hearing established that appellant and his two companions left their car beside the road with the hood raised. The three men walked to a nearby house allegedly to use the telephone to call a wrecker. One of the men, Hunnicutt, walked up to the house and knocked on the door. Joyce Brill, who was inside, did not answer because she thought he might be a "solicitor." Hunnicutt walked towards the rear of the house with a crowbar in his hand. Brill then heard her garage door being opened. The garage was attached to the house, and there was a door from the interior of the garage into the house. Brill also heard her dog barking and saw him rolling down the driveway as if he had been kicked. She began screaming for help. Hunnicutt ran through a wooded area where he was joined by the appellant and the third person.
The police later stopped the three men at a nearby shopping center. Appellant told one of the officers that after his car broke down they had walked in a westerly direction, which was away from Brill's house, and he denied having been in the woods. At the hearing, appellant said he had lied to the officers because he was afraid that the incident might affect his probationary status. He testified that he never got closer than ten feet from Brill's house and that he had no intention of burglarizing it or helping anyone else do so. A policeman stated that he was able to crank up appellant's car without any trouble. Appellant's father-in-law, who was an auto mechanic, testified that appellant's car had a mechanical problem whereby it would stall and refuse to start until it sat for about fifteen minutes. He said that this had occurred about thirty times in the last six months.
Clearly, the evidence presented at the revocation hearing would not have supported appellant's conviction for attempted burglary. In R.W.G. v. State, 395 So.2d 1279 (Fla. 2d DCA 1981), this court reversed a burglary conviction for insufficiency of evidence. The accused juvenile was outside the premises being burglarized. Even though he knew what his companions were doing, he contended that he had refused to participate in the crime. We held that the evidence presented was not inconsistent with a reasonable hypothesis of innocence. Likewise, in Morgan v. State, 355 So.2d 149 (Fla. 1st DCA 1978), the court held that flight from an actual burglary scene even with pliers and a screwdriver was insufficient to support a burglary conviction.
Of course, evidence to support a criminal conviction is not necessary to sustain *633 a probation revocation order. Bernhardt v. State, 288 So.2d 490 (Fla. 1974). The burden of proof to revoke probation is the greater weight of the evidence. Ivey v. State, 308 So.2d 565 (Fla.2d DCA 1975); Singletary v. State, 290 So.2d 116 (Fla. 4th DCA 1974); see also § 948.06, Fla. Stat. (1981). Yet, where the revocation is predicated upon the commission of a crime, mere suspicion that the probationer was involved in criminal activity does not suffice.
For example, where a probationer asserted that he was merely in an apartment to look it over as a possible place to rent, the court in Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981), held that his probation could not be revoked simply because the police discovered drugs in the apartment. In Hartley v. State, 372 So.2d 1180 (Fla. 2d DCA 1979), probation was revoked as a result of the probationer having given a false name and birthdate to a policeman who was investigating a burglary. The court reversed because this conduct did not fall within the charge of obstructing justice by disguise.
Viewed in the light most favorable to the state, the evidence in the instant case failed to establish a reasonable ground to believe that appellant violated his probation. Appellant made no overt effort to burglarize Ms. Brill's home. His subsequent flight and false statements to the police, by themselves, were insufficient to create an inference of guilt. Accordingly, this cause is reversed and remanded to the trial court for reinstatement of the original order placing appellant on probation. Our conclusion in this case makes it unnecessary to address appellant's other two issues.
RYDER and SCHOONOVER, JJ., concur.