480 So.2d 679 (1985)
Gary Vincent WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. BD-97.
District Court of Appeal of Florida, First District.
December 19, 1985.
Michael E. Allen, Public Defender, and Kenneth L. Hosford, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Gary Williams appeals the sentence imposed upon revocation of his probation. He was initially charged in two counts with burglary and grand theft. The court withheld adjudication, placed Williams on probation, and imposed conditions of probation which involved his participation in the program at a probation and restitution center.
On June 4, 1984, an affidavit for violation of probation was filed alleging ten separate charges, several of which related to his probation program.[1] Following a hearing *680 held October 18, 1984, the trial judge found him guilty of all charges, revoked appellant's probation, entered a judgment of guilty on both counts, and sentenced appellant to serve two three-year concurrent prison terms.
Defendant's sentencing guidelines scoresheet had a total of thirty-four points, which falls in the first cell indicating "any nonstate prison sanction." Under rule 3.701(d)(14), Florida Rules of Criminal Procedure, defendant could be sentenced to the next higher cell, i.e., "community control or 12-30 months incarceration," without the court having to set forth clear and convincing reasons. The sentence actually imposed fell within the second cell above the sentencing guidelines scoresheet, i.e., "three years incarceration." The trial judge's reasons for departure appear relatively minor until one examines the several charges of probation violation. The written ground justifying departure from the guidelines reads:
The defendant willfully and obstinately failed to take advantage of the job opportunities and instructions from the Restitution Center in which he was housed at the time of these violations.
We hold this single ground sufficient to support departure and affirm the sentence imposed. We certify the following questions of great public importance:
1. WHETHER, UNDER RULE 3.701(d)(14), A PERSON FOUND GUILTY OF VIOLATING PROBATION MAY NOT BE SENTENCED TO MORE THAN THE NEXT-HIGHER GUIDELINES CELL UNLESS WRITTEN REASONS OTHER THAN THE VIOLATION OF PROBATION ARE GIVEN FOR DEPARTURE FROM THE GUIDELINES?
2. WHETHER THE REASON STATED BY THE TRIAL COURT, IN VIEW OF THE NUMEROUS VIOLATIONS OF PROBATION ADMITTED BY THE APPELLANT, CONSTITUTES SUFFICIENT CLEAR AND CONVINCING REASON TO SUPPORT DEPARTURE FROM THE RECOMMENDED GUIDELINES?
AFFIRMED.
BOOTH, C.J., and NIMMONS, J., concur.
NOTES
[1] Williams was charged in the affidavit with violating probation as follows:

1. By failing to pay the State of Florida the amount of twenty dollars ($20) per month toward the cost of supervision for the months of March 1984 and April 1984.
2. By violating the law, in that on approximately March 27, 1984, March 31, 1984, and April 2, 1984, the probationer was in possession and used cannabis.
3. By failing to work diligently at a lawful occupation as directed by probation officer subsequent to January 30, 1984.
4. By failing to comply with instructions of Correctional Probation Officer Mr. John Dillard, in that on February 20, 1984 and again on February 22, 1984, the probationer was instructed to contact Volunteer Pensacola to set up a work schedule for his community service and this he failed to do.
5. By failing to comply with instructions of a probation officer and rules of the Pensacola Probation & Restitution Center, in that on March 16, 1984, the probationer failed to proceed to his authorized destination and was absent without leave.
6. By failing to comply with instructions of probation officer and rules of the Pensacola Probation & Restitution Center, in that on March 17, 1984, the probationer failed to proceed to his authorized destination and was absent without leave.
7. By failing to comply with instructions of probation officer and rules of the Pensacola Probation & Restitution Center, in that on March 20, 1984, the probationer failed to proceed to his authorized destination and was absent without leave.
8. By failing to pay $376 court costs as directed by supervisor, in that subsequent to January 4, 1984, the probationer has made no payments.
9. By failing to perform ten weeks of community service as directed by supervisor, in that subsequent to January 4, 1984, the probationer has done no community service.
10. By failing to successfully complete the program at the Pensacola Probation & Restitution Center, in that on April 3, 1984, the probationer was unsuccessfully terminated from the Pensacola Probation & Restitution Center without completing the program as a result of his failing to work, failing to pay financial obligations, violating the law and failing to comply with instructions of the Restitution Center staff.