489 So.2d 174 (1986)
Thomas Braxton FERRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1252.
District Court of Appeal of Florida, Fifth District.
May 29, 1986.
*175 Philip J. Padovano, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
This is an appeal from an order revoking, and subsequently modifying, Ferris' probation[1] after the lower court found him guilty of perjury by contradictory statements.[2] Ferris contends the evidence fails to demonstrate that the statements were inconsistent and contradictory. We agree and reverse.
Ferris pled nolo contendere to sexual battery as a result of a plea agreement. A condition of his probation was that he live and remain at liberty without violating any law. In his sworn petition to enter a plea, Ferris signed a form which stated:
I declare that no officer or agent of any branch of government (federal, state or local) has made any promise or suggestion of any kind to me or, within my knowledge, to anyone else, that I will receive a lighter sentence or probation or any other form of leniency if I plead (guilty) (nolo contendere) except: the exceptions set out in the negotiated plea *176 agreement which is filed herewith (Emphasis added).
I declare that no officer of any branch of government (federal, state, or local) has subjected me to any force, duress, threats, intimidation or pressure to compel or induce me to enter this plea. (Emphasis added).
Subsequently, an administrative hearing was held to determine whether Ferris' teaching certificate should be revoked. At the hearing Ferris testified:
On several occasions during the interrogation McConnel stated that I would not lose my teaching job if I "came clean" and admitted the allegations. I was then employed as a school teacher at Spring Hill Elementary School. He also stated several times during the interrogation that the criminal prosecution would go "easier on me" and that the punishment would be less harsh if I admitted the allegations of misconduct. McConnel also emphasizing that I could avoid all the negative "publicity" surrounding the allegations by admitting the alleged involvement. He stated that the police department would keep everything low key if I would "come clean" and admit the allegations.
To successfully prosecute a charge of perjury by contradictory statements, the state must prove that the statements made were mutually exclusive. Brown v. State, 334 So.2d 597 (Fla. 1976). The statements Ferris made in the petition relate to the circumstances surrounding his decision to enter the plea and concern the plea itself. The statements made in the administrative hearing relate to his initial interrogation by the police and concern the benefits to Ferris should he admit to the charges against him.
A nolo plea does not admit guilt or the allegations of the charges, but rather communicates that the defendant chooses not to defend against those charges. Vinson v. State, 345 So.2d 711 (Fla. 1977). It is the equivalent of a guilty plea only insofar as it gives the court the power to punish. Peel v. State, 150 So.2d 281 (Fla. 2d DCA 1963), cert. denied, 380 U.S. 986, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965). While we can envision circumstances where a defendant could plead nolo contendere and make sworn statements which are, on their face, mutually exclusive (and thus be guilty of perjury under this section), such is not the case here. The statements made here were not mutually exclusive because they relate to different events.
The burden of proof in a probation revocation proceeding is the greater weight of the evidence and not beyond a reasonable doubt. Rita v. State, 470 So.2d 80 (Fla. 1st DCA), review denied, 480 So.2d 1296 (Fla. 1985); Miller v. State, 420 So.2d 631 (Fla. 2d DCA 1982). Nevertheless, on the facts of this case, we are of the opinion that this burden has not been met.
REVERSED AND REMANDED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] Ferris was initially placed on probation for a three-year period and adjudication was withheld. After the terms of the initial probation were revoked, appellant was adjudicated guilty, and an additional seven years was tacked onto his probationary term.
[2] § 837.021, Fla. Stat. (1983).

(1) Whoever, in one or more official proceedings, willfully makes two or more material statements under oath when in fact two or more of the statements contradict each other is guilty of a felony of the third degree... .