ON MOTION FOR REHEARING OR TO CERTIFY
JOANOS, Judge.
On motion for rehearing or to certify, appellant argues that our affirmance of the trial court’s departure from the sentencing guidelines must have been based on Weems v. State, 469 So.2d 128 (Fla.1985), which held that unscored convictions remain a viable ground for departure. Appellant further argues, inter alia:
Appellant’s two unscored federal convictions appear to be the equivalent of third-degree felonies. If scored, they would increase appellant’s score by 18 points, enough to move him up one cell, from a presumptive range of 3V2 — 4V2 years, into the 4V2 — 5½ year range. What the uns-cored convictions actually purport to justify, however, is not merely a single-cell increase, but a ten-year sentence, an increase of four cells. This is not justifiable. A four-cell increase cannot be supported by unscored convictions which would have increased appellant’s sentence only a single cell had they been scored.
Appellant misses the point. We interpret the reason for departure differently. The reason given by the trial judge is set forth as follows:
1. While serving the sentence on the instant case, the defendant pled guilty and was sentenced to 30 months in Federal prison on case number 82-106-ORL-CR-EK in the United States District Court, Middle District of Florida, Orlando Division, for the crime of Conspiracy to Alter Obligations of the United States. Furthermore, the defendant pled guilty at the time of the instant offense and was sentenced to a consecutive probation in case number 82-605-CF in Duval County, for the crimes of Uttering a Forged Instrument and Forgery. The trial court can consider these other convictions for purposes of departure even if the convictions are not scored in the guidelines.
*443 Weems v. State, 469 So.2d 128 (Fla.1985) Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985)
We construe the reason as not just that he had committed “two unscored federal convictions,” but that those convictions had occurred while he was on probation and that they involved criminal acts (Conspiracy to Alter Obligations of the United States) similar to one that he was on probation for at the time (Uttering Forged Instrument). See Pentaude v. State, 500 So.2d 526 (Fla.1987). See also Williams v. State, 480 So.2d 679 (Fla. 1st DCA 1985).
The motion for rehearing or to certify is denied.
MILLS and SHIVERS, JJ., concur.