510 So.2d 1088 (1987)
Mark C. WILSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 86-384, 86-385.
District Court of Appeal of Florida, Second District.
July 31, 1987.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Mark Wilson appeals the sentence imposed following revocation of probation and community control. He contends that the court erred in departing from the presumptive guidelines sentence. Because we find the reasons for departure given by the trial court invalid, we reverse.
Wilson pled guilty to burglary and second degree grand theft and was placed on eighteen months probation. Three months later, Wilson was charged with burglary of a dwelling and second degree grand theft. He again pled guilty and the court placed him on two years community control to run concurrently with the probation.
Wilson was subsequently charged with violating probation and community control by failing to pay costs of supervision, moving without permission and being arrested for armed robbery. He appeared at a revocation hearing on January 16, 1986, and admitted having violated probation and community control. The recommended *1089 guidelines sentence, including the one cell enhancement for violation of probation, was twelve to thirty months in prison. The court imposed five years on each count in the first information, to run concurrently with sentences of fifteen and five years, respectively, for the charges in the second information.
The trial court set out two written reasons for departure and we shall address each. The court first noted that "the defendant has demonstrated an inability to successfully complete either probation or community control." This is an invalid reason. When a defendant has violated probation or community control, the judge may exceed the recommended sentence by one cell without giving written reasons. Fla.R. Crim.P. 3.701(d)(14). Additional departure, however, must be supported by clear and convincing reasons. State v. Pentaude, 500 So.2d 526 (Fla. 1987). In Pentaude, the supreme court recently held that a guidelines sentence may be exceeded beyond one cell only when the underlying reasons for violation, as opposed to the violation itself, are sufficiently egregious. The violations in this case, i.e., failure to pay cost of supervision and moving without permission, are not sufficiently egregious to justify a seven cell departure.
The trial court also found as a reason for departure that Wilson had committed an armed robbery while on community control. At the time of sentencing Wilson was charged with but not convicted of this offense. Reasons for departure cannot include factors relating to prior arrests for which there have been no conviction. Fla. R.Crim.P. 3.701(d)(11). Use of such reasons constitutes reversible error. Weems v. State, 469 So.2d 128 (Fla. 1985); Bass v. State, 496 So.2d 880 (Fla. 2d DCA 1986). We note that the court cited Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984), as authority for this reason; however, it appears that the enactment of Rule 3.701(d)(11) has superseded our decision in that early guidelines case.
For the reasons given, we reverse and remand for resentencing within the guidelines.
RYDER, A.C.J., and HALL and THREADGILL, JJ., concur.