510 So.2d 1089 (1987)
Clemon LEWIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-2527, 85-2528.
District Court of Appeal of Florida, Second District.
July 31, 1987.
*1090 James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
Appellant contends that his sentence, imposed after revocation of probation, is an impermissible departure based upon reasons that are not clear and convincing. We agree and vacate his sentence. We remand for resentencing within the guidelines range with an allowable one cell bump-up for a sentence imposed after probation revocation. Fla.R.Crim.P. 3.701(d)(14).
The trial court sentenced appellant to three concurrent five-year terms of probation for crimes to which he pleaded guilty. During the term of probation, affidavits of violation of probation were filed. At the revocation of probation hearing, the court found that appellant had failed to file monthly written reports, failed to call the Community Control office daily and report as instructed, left his residence without approval, and failed to pay court costs. The court further stated that "evidence satisfied the conscience of the court that [appellant] was involved in a robbery." The recommended guidelines range was three to three and one-half years imprisonment, but the court sentenced him to two concurrent terms of fifteen years and a concurrent term of five years for the three crimes underlying the probation. The court's written reasons for departure were the following:
The Defendant has demonstrated an inability to successfully complete either probation or community control.
The Defendant is a danger to society.
The Defendant has committed a violent crime while on probation for the commission of a violent crime.
As to the first reason, there is no evidence that appellant has had repeated probation violations. Neither does the record show that appellant had been on probation previously. This reason is invalid based on Royal v. State, 508 So.2d 1313 (Fla. 2d DCA 1987). Although State v. Pentaude, 500 So.2d 526 (Fla. 1987), allows departure based upon the number of conditions violated, the character of the violation, and other factors concerning the probation violations not taken into account by the guidelines, it is clear that the court did not consider any other factor except those listed which do not fall into a permissible category under Pentaude.
The second reason, "danger to society," either standing alone or when based upon prior convictions, is not a valid reason for departure. See Williams v. State, 492 So.2d 1308 (Fla. 1986).
Concerning the third reason cited by the court to support departure, appellant was neither convicted of the alleged robbery nor did he admit this violation of probation. Therefore, this reason falls into that prohibited category of reasons based upon offenses for which no conviction has been obtained. State v. Mischler, 488 So.2d 523 (Fla. 1986); Fla.R.Crim.P. 3.701(d)(11).
Sentence vacated and remanded for resentencing according to the guidelines with consideration of Florida Rule of Criminal Procedure 3.701(d)(14).
RYDER and FRANK, JJ., concur.