519 So.2d 719 (1988)
Bernhine W. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 87-783.
District Court of Appeal of Florida, Fifth District.
February 4, 1988.
*720 Ronald E. Fox, Umatilla, and Thomas W. Turner, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The issues in this appeal are whether there was sufficient evidence presented to revoke the probation of appellant, Bernhine W. Young, and, if so, whether the trial court erred in departing from the sentencing guidelines by sentencing Young to two concurrent 15-year terms of imprisonment.
Young initially pled guilty to two counts of selling cocaine and was sentenced on January 2, 1985, to two concurrent terms of five years' probation, with a condition on each term that Young serve 90 days in jail. On January 20, 1987, an amended violation of probation affidavit was filed, alleging that Young violated his probation by possessing a firearm and by possessing cocaine on three separate occasions.
At the probation revocation hearing, testimony was presented by a confidential informant for the sheriff's department that he bought cocaine from Young on October 27 and December 4, 1986. Positive lab reports were submitted into evidence. Other testimony included that from an officer who testified that when Young was arrested on December 11, 1986, two pieces of rock cocaine were found in the trunk of his car.
Following the hearing, the court revoked Young's probation based on its finding that the defendant was guilty of the sale of cocaine on October 27, 1986 and December 4, 1986. An order of revocation of probation was entered on March 31, 1987, with the court finding that the probation was violated by "violating Condition (5)."[1] The guideline scoresheet prepared for sentencing showed a total of 96 points, placing Young in the two-and-a-half to three-and-a-half year range with the one-cell increase for violation of probation.[2] The court determined to depart from the guidelines, and sentenced Young on the two previous sale charges to two concurrent 15-year terms of imprisonment. The court's order providing for departure states:
The reason for the guideline departure is that the Defendant committed a substantive violation of his probation in that the Defendant was on probation for two counts of selling cocaine and violated his probation by twice more selling cocaine. See Townsend v. State, 458 So.2d 856 (Fla. 2d D.C.A. 1984) and case cited therein.
On appeal Young first contends that insufficient evidence was adduced at the revocation hearing to establish (1) that he was on probation or (2) that the substance involved was cocaine. This contention *721 clearly lacks merit. The trial court was entitled to judicially note Young's probationary status. See § 90.202, Fla. Stat. (1985). The lab reports were admissible at a probation revocation hearing without a chemist's testimony. See Hayes v. State, 345 So.2d 765 (Fla. 4th DCA 1977); Randolph v. State, 292 So.2d 374 (Fla. 3d DCA), cert. denied, 300 So.2d 901 (Fla. 1974); Singletary v. State, 290 So.2d 116 (Fla. 4th DCA), cert. dismissed, 293 So.2d 361 (Fla. 1974). Moreover, there was also testimony of a positive field-test of the cocaine and of Young's representation during the sale that the substance was indeed cocaine. The burden of proof in a probation revocation proceeding is the greater weight of the evidence, not proof beyond a reasonable doubt. Ferris v. State, 489 So.2d 174 (Fla. 5th DCA 1986).
Young next contends that the trial court erred in departing from the sentencing guidelines based on a finding that he violated his probation by twice more selling cocaine. The Florida Supreme Court addressed the question of whether a person found guilty of violating probation may be sentenced beyond the next-higher cell based upon circumstances surrounding the violation found by the trial court to be a clear and convincing reason for departure in State v. Pentaude, 500 So.2d 526 (Fla. 1987). The supreme court found a departure on this basis proper, stating:
Finally, we note agreement with the district court's holding that `[w]here a trial judge finds that the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit.' [Pentaude v. State] 478 So.2d 1147 at 1149 [Fla. 1st DCA 1985]. See Taylor v. State, 485 So.2d 900 (Fla. 4th DCA 1986), citing Williams v. State, 480 So.2d 679 (Fla. 1st DCA 1985) (certifying to this Court identical questions); Monti v. State, 480 So.2d 223 (Fla. 5th DCA 1985); Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985).
Rule 3.701 d.14 merely recognizes that sentencing following revocation of probation is a serious matter, and so allows for a one cell departure without the necessity of any other reason. By no means, however, does the rule even purport to completely limit the trial court's discretion in sentencing when compelling clear and convincing reasons call for departure beyond the next cell. The trial judge has discretion to so depart based upon the character of the violation, the number of conditions violated, the number of times he has been placed on probation, the length of time he has been on probation before violating the terms and conditions, and any other factor material or relevant to the defendant's character.
Id. at 528.
Following the test enunciated in Pentaude, we have no difficulty in determining that Young's violations of probation, as found by the trial judge, were more than minor infractions  the cocaine possession and sales were substantive offenses sufficiently egregious to warrant departure.
The real issue is whether or not departure can be based on substantive offenses (constituting the probation violation) when those offenses have merely been found at a revocation hearing but have not resulted in separate convictions. The appellate courts of this state have split on the question, with two courts holding that departure is not warranted in the absence of conviction. See Tuthill v. State, 518 So.2d 1300 (Fla. 3d DCA 1987); Wilson v. State, 510 So.2d 1088 (Fla. 2d DCA 1987); Lewis v. State, 510 So.2d 1089 (Fla. 2d DCA 1987). The Fourth District has allowed the use of such offenses without a conviction. Lambert v. State, 517 So.2d 133 (Fla. 4th DCA 1987).
It is true that under the facts in Pentaude, as observed by the majority opinion in Tuthill, the defendant's probation violation had resulted in a separate criminal conviction prior to the revocation hearing. But Pentaude does not discuss whether or not such a conviction, as opposed to a finding *722 pursuant to a revocation hearing, constitutes a sine qua non for a multi-cell departure sentence. As we read the language in Pentaude, quoted above, it refers to a finding by the trial judge of an egregious offense, not to a conviction thereof. We are in agreement with Lambert and with the reasoning of Chief Judge Schwartz of the Third District, as expressed in his dissent in Tuthill:
I think it clear, first of all, that the nature and character of the conduct which constituted the violation of probation as found by the trial judge was properly considered as a clear and convincing reason for departure even though Tuthill was not separately convicted of the substantive crime. In my view, nothing in any rule, statutory provision, or the cases cited by Judge Baskin justifies the position that this is required. To the contrary, the determinative case of State v. Pentaude, 500 So.2d 526, 528 (Fla. 1987), and those which follow it, emphasize that it is the violation itself  as opposed to some distinct factual demonstration and finding as to the basis of the violation  which is determinative.
* * * * * *
To hold otherwise by requiring proof beyond a reasonable doubt to support a guidelines departure in a probation situation  either, as Judge Baskin suggests, by necessitating a `conviction' under Fla. R.Crim.P.3.701(d)(11) or, as the appellant contends, pursuant to the rule that the factual basis for a departure must be supported by that degree of proof, see State v. Mischler, 488 So.2d 523 (Fla. 1986)  is unjustifiably contrary to the entire basis of the concept of probation, which, because it is purely a matter of judicial grace (for which Tuthill successfully pleaded at his first sentencing), Bernhardt v. State, 288 So.2d 490 (Fla. 1974), requires proof of a violation sufficient only to satisfy the conscience of the court. Randolph v. State, 292 So.2d 374 (Fla. 3d DCA 1974), cert. denied, 300 So.2d 901 (Fla. 1974); see Lee v. State, 440 So.2d 612 (Fla. 3d DCA 1983). I cannot agree that every probation violation hearing should be rendered meaningless in determining the propriety of a departure and would hold, to the contrary, that a finding of violation is binding and determinative in the sentencing process.
518 So.2d at 1303-1304 (footnote omitted).
As did the court in Lambert, we certify the following question as one of great public importance:
WHERE A TRIAL JUDGE FINDS THAT THE UNDERLYING REASONS FOR VIOLATION OF PROBATION CONSTITUTE MORE THAN A MINOR INFRACTION AND ARE SUBSTANTIVE VIOLATIONS, MAY HE DEPART FROM THE PRESUMPTIVE GUIDELINES RANGE AND IMPOSE AN APPROPRIATE SENTENCE WITHIN THE STATUTORY LIMIT EVEN THOUGH THE DEFENDANT HAS NOT BEEN "CONVICTED" OF THE CRIMES WHICH THE TRIAL JUDGE CONCLUDED CONSTITUTED A VIOLATION OF HIS PROBATION?
Young's last contention is that, given departure, it was excessive pursuant to Albritton v. State, 476 So.2d 158 (Fla. 1985). Young's offenses were committed prior to the effective date (July 9, 1986) of Chapter 86-273, Laws of Florida, which precluded appellate review of the extent of departures, hence we may not constitutionally apply that statute to the instant appeal. See Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). The test, then, is the abuse of discretion standard explicated in Canakaris.[3]See Albritton, 476 So.2d at 160. Given Young's repeated involvement with cocaine, we find that reasonable men could differ as to the propriety of the departure sentence imposed by the trial judge.
AFFIRMED.
SHARP, C.J., and LEE, R.E., Jr., Associate Judge, concur.
NOTES
[1] Condition (5) provided:

You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation.
[2] At the hearing, it was determined that the guideline scoresheet was incorrect, and that the correct score was 78 points, which was within the same cell as the scoresheet indicated.
[3] Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).