523 So.2d 783 (1988)
John P. MOSER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1498.
District Court of Appeal of Florida, Fifth District.
April 21, 1988.
Kirk N. Kirkconnell of Muller, Kirkconnell and Lindsey, P.A., Winter Park, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Judge.
This is an appeal from a judgment and order of modification of probation.
In October 1981, appellant was charged with unlawfully composing written threats to kill or do bodily injury to one Carole Bonebrake. Following a nolo contendere plea, the trial court entered an order withholding adjudication of guilt and placed the appellant on probation for a period of eight years.
Approximately two years later, appellant was charged by appropriate affidavit with violation of his probation by trespassing upon the property of Charles and Thelma Sargent after warning. The pertinent language of the affidavit setting out this charge was:
... on or about 10-29-83 through 10-30-83, at the home of CHARLES and THELMA SARGENT, which is addressed 3320 55th STREET NORTH, ST. PETERSBURG, FLORIDA, committed the offense of TRESPASS AFTER WARNING, or lesser included offense, in violation of Florida Statute 810.09.
A probation hearing was held on July 23, 1987. James Hebbel, appellant's probation officer, and Thelma and Charles Sargent testified. Hebbel testified to alleged acts of the appellant occurring on June 20, 1983 and other acts all occurring prior to the *784 ones charged in the affidavit. Hebbel testified that he met with the appellant and reinstructed him as to the conditions of probation and that appellant admitted to him the commission of the several acts complained of. He also admitted that he had been warned by the police on June 30, 1983 not to trespass on the Sargents' property.
Hebbel testified that on July 8, 1983 he again received a telephone call from Charles Sargent indicating that his daughter had received two telephone calls in which the person on the receiving end appeared to be gagging. (No identification of the appellant was made). Hebbel testified that approximately one month later, Sargent informed him that he had received ten telephone calls the day before and that he had found some broken bottles at his home and business. Additionally, according to Hebbel, Sargent found a carcass of a dead dog at his business on the same day. Hebbel testified he again instructed appellant as to the conditions of his probation.
On November 7, 1983, Sargent informed Hebbel that he had received more telephone calls, that he had seen appellant on the street and that his (Sargent's) car had been smashed with eggs. With the exception of having seen appellant "on the street" no identification of appellant was made in connection with any of the transgressions recited above. Sargent thereafter signed an affidavit stating that appellant had trespassed on his property.
At the probation violation hearing, Sargent testified that on October 29, 1983 at approximately twelve o'clock midnight someone rang his doorbell. That someone was not identified.
The state, following this testimony by Sargent, introduced, over defense counsel's repeated objections, a statement given by Sargent at a prior (April 24, 1984) hearing which, according to the state, identified appellant as the person who had rung his doorbell on October 29, 1983.
The testimony tendered into evidence by the state is set forth in pertinent part as follows:
A. Yes. On October the 15th he came by my house at a very slow speed blowing his horn.
Q. Did you see him on that date?
A. Yes.
Q. The same defendant here?
A. Yes.
Q. After you saw Mr. Moser on the 29th of October did you get back in touch with the probation officer?
A. Yes.
Q. Did you ask him to do something about it?
A. Yes.
Q. Did you give the probation officer an affidavit about the incident?
A. Yes. I gave him an affidavit stating that I saw him running away from my house on October the 29th, and that I also saw him going by the house blowing his horn on October 15.
* * * * * *
CROSS-EXAMINATION
BY MR. KIRKCONNELL [Defense Counsel]:
Q. Since October have you had any personal contact with Mr. Moser other than today?
A. No.
Q. I'm talking about Mr. Moser, the defendant.
A. Not since October when he came back and rang the doorbell once, but I didn't see him.

Q. Did anybody see him?
A. No.
Q. Somebody rang the doorbell?
A. Yes. [Emphasis supplied].
On further cross examination at the July 23, 1987 hearing, Sargent testified as follows:
Q. What were the circumstances that led you to believe that it was Mr. Moser there at your door?
A. Because he was the only one that I was expecting really. No one had ever harassed me like that before.
Q. And did you see the  did you have an opportunity to evaluate the size of the person at your door?

*785 A. Yes.
Q. Is it consistent, the size and shape with Mr. Moser?
A. Yes.
Q. Did you see anything about that individual that was inconsistent with Mr. Moser?
A. No.
On further cross examination, Sargent admitted that his doorbell was rung many times late at night and that he did not see any intruder on those occasions.
At the conclusion of the state's case, the state again requested the court to take judicial notice of these pages of Sargent's April 24, 1984 testimony which had been previously tendered into evidence. Defense counsel again objected and the objection was again overruled.
At the conclusion of the hearing the trial court found the appellant guilty of violating his probation, adjudicated him guilty of the original offense and modified his original eight year term of probation by extending it an additional seven years.
In order to prove a violation of probation, the state's burden of proof is the greater weight of the evidence rather than proof beyond a reasonable doubt. Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988); Ferris v. State, 489 So.2d 174 (Fla. 5th DCA 1986). A mere suspicion that the probationer was engaged in criminal activity will not suffice. Miller v. State, 420 So.2d 631 (Fla. 2nd DCA 1982).
While there was testimony that the appellant had, on prior occasions, committed acts that would have been a violation of his probation had he been so charged, probation may not be revoked for conduct not charged in the affidavit alleging a violation of probation. Butler v. State, 450 So.2d 1283 (Fla.2nd DCA 1984). In its affidavit, the state specifically charged appellant with violation of his probation in committing acts on or about October 29, 1983 through October 30, 1983 at the home of Charles and Thelma Sargent (more specifically set out above).
At the hearing on July 23, 1987, neither Sargent nor anyone else was able to positively identify appellant as having trespassed on Sargent's property on October 29 or 30 of 1983. Sargent based his entire testimony on the presumption that the appellant was the intruder. This presumption on Sargent's part that appellant was the intruder, under the circumstances here presented, is insufficient to sustain a finding that he violated his probation by trespassing on Sargent's property as charged in the affidavit. Although his prior testimony initially appears to be inconsistent with his later testimony, a closer reading refutes this conclusion. Furthermore, because Sargent did not prove to be an adverse witness to the state at the July 23, 1987 hearing, the trial court's admission of his prior testimony was erroneous. See Jackson v. State, 451 So.2d 458 (Fla. 1984).
The order of adjudication and modification of probation is, accordingly, reversed and the cause remanded to the trial court for reinstatement of the original order withholding adjudication of guilt and return of the defendant to the original terms of probation.
REVERSED and REMANDED.
SHARP, C.J., and ORFINGER, J., concur.