SHARP, Chief Judge.
Haggerty appeals her sentence which the trial court imposed after revoking her probation. She had been convicted of keeping a house of ill fame in violation of section 796.01, Florida Statutes (1985). She pled nolo contendere to the probation violation, which was based on four violations of various conditions of her probation, and violation of section 856.021 (the loitering and prowling statute). The Affidavit of Violation of Probation incorrectly referred to section 856.021 as “Loitering for the Purpose of Prostitution.” Her guidelines sentence was any non-state prison sanction. With the one cell bump-up provided for in Florida Rule of Criminal Procedure 3.701.-d.14, she could have received a sentence of community control or twelve to thirty months incarceration.
*689 The trial judge sentenced Haggerty to four and one-half years, giving as the reason for the departure, “[probation violated for prostitution and defendant was originally placed on probation for a prostitution-related charge—keeping a ‘house of ill fame’.” We reverse.
Pursuant to Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988), we have held that when a defendant’s violation of probation constitutes the commission of a substantive crime under circumstances which are sufficiently egregious, the trial court may exceed the one cell bump-up provided in rule 3.701.d.l4, and use those facts as a reason for “departing” upwards from the guidelines. See also, State v. Pentaude, 500 So.2d 526 (Fla.1987). In Young (and apparently Pentaude), the substantive crimes committed for which probation was revoked were felonies. In Young, the probation revocation offense was related to or similar to the crime for which the defendant had been convicted and put on probation.
However, in this case, the “loitering or prowling” offense[1] no longer mentions “night walkers” or “prostitutes.” Thus, it cannot be said the two crimes—“keeping a house of ill fame” and “loitering”—are related. Further, “loitering” is an extremely vague and subjective crime as defined in section 856.021. It is only a second degree misdemeanor, and we do not think its violation, even if sufficiently established in this case by Haggerty’s nolo plea, constitutes an egregious circumstance sufficient to justify the imposition of a departure sentence. Accordingly, we vacate the sentence and reverse for resentencing within the one cell bump-up bracket permitted by rule 3.701.-d.14.
VACATE SENTENCE; REMAND.
COWART and DANIEL, JJ., concur.

. Section 856.021 reads .as follows:
856.021 Loitering or prowling; penalty.—
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.