THREADGILL, Judge.
Appellant contends that the trial court erred by using an offense for which he had not been convicted as a basis for an upward departure. We agree and reverse.
Appellant was convicted of grand theft, petit theft, burglary of a conveyance, and three counts of battery on a law enforcement officer. He was placed on probation for three years. He subsequently was found to be in violation of that probation by possessing a shot gun and by being charged with resisting an officer with violence. Appellant pleaded guilty to violating the terms and conditions of his probation. The record does not show that the appellant was ever convicted of these new charges. The guideline range was two and one-half to three and one-half years including the bump for violation of probation. The judge, however, departed and sentenced appellant to five years in prison, on grounds that the violation was egregious and that the victim was a police officer.
Appellant argues that the court may not properly base a departure on an offense for which there is no conviction. The district courts of appeal are divided on this issue. The second and third districts hold that departure is not warranted absent a conviction. Tuthill v. State, 518 So.2d 1300 (Fla.3d DCA 1987); Wilson v. State, 510 So.2d 1088 (Fla.2d DCA 1987). The fourth and fifth districts have allowed such use of offenses without a conviction, but have certified this question to the Florida Supreme Court as a matter of great public importance. Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988); Lampert v. State, 517 So.2d 133 (Fla. 4th DCA 1987).
The state urges that egregious violations of probation should be allowed as reasons for departure where, as in this case, appellant admitted committing the offense and pleaded guilty to the violations. We are not persuaded to recede from our position in Wilson. Florida Rule of Criminal Procedure 3.701(d)(11), clearly provides that “[rjeasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.” See State v. Tyner, 506 So.2d 405 (Fla.1987).
In order to accept the state’s contention that there is an exception to the requirement of a conviction in probation violation cases where the defendant admits the violation, this court would have to overrule Wilson v. State, where the defendant pled guilty to the offense. In addition, we would have to find Rule 3.701(d)(11) inapplicable to this issue. There is no doubt that the violation is egregious where the new charge consists of resisting an officer with violence while on probation for battery of law enforcement officers. However, we adhere to the position that only offenses for which there have been convictions may justify departure.
The second reason articulated for departure is also invalid. Even if the court could consider the new offense in departing from the guidelines, the fact that the victim was an officer is inherent in resisting an officer with violence. Thus, this reason cannot be used to further aggravate the appellant’s sentence. State v. Mischler, 488 So.2d 523 (Fla.1986); Ostrowski v. State, 509 So.2d 1246 (Fla.2d DCA 1987).
*716 Reversed and remanded for resentencing within the guidelines.
CAMPBELL, C.J., and PARKER, J., concur.