DANIEL, Chief Judge.
In 1985 Thomas J. Washington was, in separate informations, charged with and convicted of one count of grand theft[1] and one count of committing a scheme to defraud ten or more people.[2] He was sentenced to consecutive five-year terms of probation for each offense.
In February 1987, Washington was charged with and admitted to violating one condition of his probation. His probation was subsequently reinstated. In December 1988, Washington was again charged with violating his probation. Specifically, he was accused of committing five additional counts of fraud. Washington entered a general “plea of guilty” to the probation violations. At sentencing a sentencing guidelines scoresheet reflecting “any non-state prison sanction” was offered without objection by either Washington or the state. With the one-cell “bump-up” allowed for probation violation[3], a sentence of up to thirty months incarceration with the Department of Corrections would have been within the recommended guidelines range. The trial court, however, departed from the guidelines and sentenced Washington to five years incarceration on each of the original two counts, to be served consecutively. The trial court specified in writing the following as its reason for departure:
This is defendant’s second violation of probation. He repeatedly commits theft by fraud, the same crimes originally charged.
There was a timely objection made by Washington’s attorney to the departure' sentence.
Washington asserts that it was error for the trial court to base its decision to depart from the guidelines upon offenses for which he had not been convicted. We agree and, therefore, reverse.
The recent case of Lambert v. State, 545 So.2d 838 (Fla.1989) had for review Lambert v. State, 517 So.2d 133 (Fla. 4th DCA 1987), and Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988).
In Lambert, the Fourth District Court of Appeal certified the following question:
Where a trial judge finds that the underlying reasons for violation of community control constitute more than a minor infraction and are sufficiently egregious, may he depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit even though the defendant has not been “convicted” of the crimes which the trial judge concluded constituted a violation of his community control?
Lambert, 517 So.2d at 134.
In Young, we certified the following question to the.supreme court:
*801 Where a trial judge finds that the underlying reasons for violation of probation constitute more than a minor infraction and are substantive violations, may he depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit even though the defendant has not been “convicted” of the crimes which the trial judge concluded constituted a violation of his probation?
Young, 519 So.2d at 722.
The supreme court answered both questions in the negative, saying:
If new offenses constituting a probation violation are to be used as grounds for departure when sentencing for the original offense, prior conviction on the new offenses is required.
Lambert, 545 So.2d at 841.
Commenting on Florida Rule of Criminal Procedure 3.701(d)(ll)[4] and its Committee Note, the supreme court said:
Though the note and rule are silent as to whether they apply to conduct constituting probation violation, they reasonably can be so read. Where a criminal statute is susceptible of different interpretations, it must be construed in favor of the accused ... Policy considerations that mandate conviction prior to departure at an original sentencing are equally applicable to sentencing following probation violation.

Id.

Commenting on the inappropriateness of departure even when based upon prior convictions, the supreme court stated:
[Violation of probation is not itself an independent offense punishable at law in Florida. The legislature has addressed this issue and chosen to punish conduct underlying violation of probation by revocation of probation, conviction and sentencing for the new offense, addition of status points when sentencing for the new offense and a one-cell bump-up when sentencing for the original offense.

Id.

Here, the scoresheet indicates that the recommended guidelines sentence was a sentence not exceeding thirty months incarceration. Since the trial court exceeded this guidelines range without articulating acceptable reasons, the sentence imposed must be vacated and the matter remanded for resentencing within the appropriate guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Sentence VACATED; REMANDED.
COWART, J., concurs.
SHARP, J., concurs and concurs specially with opinion.

. § 812.014(c), Fla.Stat. (1985).

. § 817.035(2), Fla.Stat. (1985).

.Fla.R.Crim.P. 3.701(d)(14).

. Rule 3.701(d)(ll) provides that reasons for deviating from the guidelines shall not include factors relating to prior arrests without convictions or factors relating to the instant offenses for which convictions have not been obtained.