SHARP, Judge,
concurring specially.
I write merely to point out a distinction between this case and Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988) and Lambert v. State, 517 So.2d 133 (Fla. 4th DCA 1987). Both in Young and Lambert, the trial judges “found” and the defendants disputed they had respectively violated probation or community control by committing additional substantive crimes. These findings do not require a determination of guilt beyond a reasonable doubt (Ferris v. State, 489 So.2d 174 (Fla. 5th DCA 1986)), and thus support the supreme court’s policy determination articulated in Lambert v. State, 545 So.2d 838 (Fla.1989) that in order to base a departure on subsequent criminal behavior, convictions must be first obtained. In this case, no conviction was obtained, but Washington pled guilty to having committed five additional frauds. No greater degree of proof need ever be-obtained.