DANIEL, Chief Judge.
Defendant, Isaac Chesley Hines, appeals his sentence for felony DUI following admission by him of a violation of probation. On appeal, Hines contends that the reasons stated by the trial court for imposing a departure sentence are invalid. We agree.
Hines initially entered a written plea of guilty to felony DUI and driving while his license was suspended. He was sentenced to concurrent terms of 60 days and 6 months in the Marion County Jail followed by a period of 4 years probation. He was subsequently charged with, and admitted, violating the terms of his probation for which the trial court revoked probation and imposed a sentence of 5 years incarceration.
There were no convictions for the offenses constituting the probation violations. In Lambert v. State, 545 So.2d 838, 841 (Fla.1989), the Florida Supreme Court stated:
If new offenses constituting a probation violation are to be used as grounds for departure when sentencing for the original offense, prior conviction on the new offenses is required. Florida Rule of Criminal Procedure 3.701(d)(ll) provides in relevant part that:
Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
The committee note to the rule states:
The court is prohibited from considering offenses for which the offender has not been convicted.
Though the note and rule are silent as to whether they apply to conduct constituting probation violation, they reasonably can be so read. Where a criminal statute is susceptible of different interpretations, it must be construed in favor of the accused. § 775.021(1), Fla.Stat. (1987). This Court has consistently required prior conviction for guideline departure in original sentencing proceedings. See State v. Jaggers, 526 So.2d 682, 684 (Fla.1988) (“Charges of criminal activity alone have never provided valid grounds for departure.”); Williams v. State, 500 So.2d 501, 503 (Fla.1986) (“permitting departures for an offense for which a defendant has not been convicted is clearly prohibited.”). Policy considerations that mandate conviction prior to departure at an original sentencing are equally applicable to sentencing following probation violation.
See also Washington v. State, 549 So.2d 799 (Fla. 5th DCA 1989) in which this court stated that a guidelines departure for probation violations that exceeds the one-cell bump-up contravened Florida Rule of Criminal Procedure 3.701(d)(14) and was therefore proscribed. A one-cell upward increase in the matter sub judice called for a maximum sentence of 12 to 30 months incarceration. The 5 year sentence imposed was therefore improper.
SENTENCE VACATED; REMANDED.
DAUKSCH and COBB, JJ., concur.