PETERSON, Judge.
The defendant appeals the sentence imposed by the trial court after the entry of an admission of violation of community control. The sentence was an upward departure from the guidelines. The sentence was imposed on December 21, 1988, and, of course, the trial court did not have the benefit of the opinion in Lambert v. State, *477 545 So.2d 838 (Fla.1989), at that time.[1]
The trial court’s reason for departure was stated as follows in the order supplementing judgment and sentence:
Defendant was sentenced on April 9, 1987, to probation. He violated his probation by committing new felonies on June 12, 1987. On July 31, 1987, he was sentenced to community control. He violated his community control on September 1, 1988. Two violations of supervision in less than one year.
The violations of community control included the unauthorized change of residence, the failure to report to his community control officer, the unauthorized absence from his approved residence, and the failure to submit a urine sample.
The defendant was a community control-lee under two cases at the time of the admitted violations. The sentence for sale and possession of marijuana entered on April 9, 1987, was three years’ probation. This sentence was changed to two years’ community control, followed by three years’ probation when he was adjudicated guilty of criminal mischief on July 31,1987. The July 31, 1987, sentences on both cases were the same and concurrent.
When the defendant violated the terms of community control, he was sentenced on the underlying charges on both cases to serve two concurrent terms of five years’ incarceration, followed by three years’ probation. While the court had no score sheet before him, the parties believe that defendant’s scores would have placed him in the cell requiring a non-state prison sanction; a one-cell departure for violation of probation could have increased the sentence to 12 to 30 months’ incarceration.
The upward departure from the guidelines was based upon the violations of community control. The opinion in Lambert precludes the use of such violations as grounds for departure, and, therefore, we remand both eases for resentencing within the guidelines, as well as for the preparation of a currently calculated score sheet as required by Fla.R.Crim.P. 3.701(d)(1).[2]
REMANDED FOR RESENTENCING.
COWART and HARRIS, JJ., concur.

. The Lambert case was issued June 15, 1989, by the Florida Supreme Court.

. See also e.g., Washington v. State, 549 So.2d 799 (Fla. 5th DCA 1989).