DAUKSCH, Judge.
This is an appeal from convictions for resisting an officer without violence, depriving a law enforcement officer of his means of protection, escape and battery. Appellant argues that the trial court erred in departing from the sentencing guidelines based on a finding that the deputy involved in the altercation had suffered excessive psychological trauma. We agree.
Appellant’s recommended guideline sentence was community control or twelve to thirty months in prison. With the permitted range, appellant’s sentence was any non-state prison sanction to three and one-half years. However, after a sentencing hearing, the trial court sentenced appellant to a departure sentence of five years incarceration followed by three years probation and entered a written order finding that the victim of the crimes suffered excessive physical and emotional trauma not inherent in these crimes.
The state argued below that the convictions of escape or battery would each support a departure. We reject this argument. Unlike murder, rape or robbery, where individual personal victims can be identified, escape, like drug possession or prostitution, has no identifiable individual as a victim. Appellant’s conviction for escape cannot support a departure sentence.
Appellant was convicted of battery, a first degree misdemeanor. The arresting deputy in this case testified that appellant elbowed him in the chest. However, we find that the trial court in departing considered conduct for which appellant was acquitted, contrary to Florida Rule of Criminal Procedure 3.701(d)(ll), which states in part that “reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.” From our review of the expert testimony at the sentencing hearing, it seems clear that any of the excessive psychological trauma which the arresting officer suffered was not connected in any way to the crimes of battery (e.g., elbowing the officer in the chest), resisting arrest without violence, or depriving a law enforcement officer of his means of protection. It is well settled that departure may not be based on offenses for which the defendant has not been convicted. State v. Simpson, 554 So.2d 506 (Fla. *12 1989); Hines v. State, 554 So.2d 665 (Fla. 5th DCA 1990). Accordingly, we vacate the departure sentence.
We find appellant’s other points on appeal to be without merit.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
COBB and HARRIS, JJ., concur.