PER CURIAM.
Curtis Clayton appeals the trial court’s order which revoked his community control for committing the offense of grand theft of a motor vehicle. We reverse because the state failed to present sufficient evidence of a violation.
A detective saw Clayton, who was serving a sentence of community control, and another suspect fleeing from a stolen vehicle. Clayton admitted when he was arrested that he was a passenger in the vehicle but stated that he did not realize that the vehicle was stolen until the deputies arrived. The detective testified that the vehicle had a broken window, a damaged steering column, and a screwdriver in the front seat. The other suspect admitted to the detective that he knew that the vehicle was stolen and that he was giving Clayton a ride home from school.
The state was required to prove by the greater weight of the evidence that Clayton committed this crime. See Miller v. State, 420 So.2d 631 (Fla. 2d DCA 1982). The state, however, failed to prove that Clayton committed this offense. A person who is a passenger in a vehicle after the vehicle has been stolen, even if he knows that the vehicle is stolen, cannot be convicted of grand theft. State v. G.C., 572 So.2d 1380 (Fla.1991). Thus, the state’s proof against Clayton did not constitute the offense of grand theft of a motor vehicle. We, therefore, reverse the trial court’s order revoking community control and remand this case to the trial court to reinstate Clayton’s community control.
Reversed and remanded.
HALL, A.C.J., and PARKER and BLUE, JJ., concur.